JENNIFER L. PARISER, ESQ.
19 Sunset Drive
Chappaqua, New York 10514
Telephone: 914-329-7110
Email: jpariser@optonline.net
and
LEOPOLD, PETRICH & SMITH, P.C.
Louis P. Petrich (*Pro Hac Vice*)
Vincent Cox (*Pro Hac Vice*)
2049 Century Park East, Suite 3110
Los Angeles, CA 90067-3274
Telephone: (310) 277-3333; Facsimile: (310) 277-7444
Email: lpetrich@lpsla.com; vcox@lpsla.com

Attorneys for Defendants PARAMOUNT PICTURES
CORPORATION, PARAMOUNT HOME ENTERTAINMENT, INC., VIACOM,
INC., DE LINE PICTURES, INC., MICHAEL BAY, DONALD DE LINE, IAN
BRYCE, CHRISTOPHER MARKUS, STEPHEN MCFEELY, GENERAL
NUTRITION CORPORATION, GNC HOLDINGS, INC., NUTRA
MANUFACTURING, INC., and MARK WAHLBERG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X          Case No. 2:14-cv-02824-ALC-FM


MARC SCHILLER,

                          Plaintiff,          DECLARATION OF RALPH
                                                  BERTELLE IN SUPPORT OF
                                                  DEFENDANTS' MOTION TO
                                                  TRANSFER VENUE UNDER 28 U.S.C.
         -against-          1404(a)

VIACOM, INC., PARAMOUNT PICTURES
CORPORATION, DE LINE PICTURES, INC.,
MICHAEL BAY, DONALD DE LINE, IAN BRYCE,
CHRISTOPHER MARKUS, STEPHEN MCFEELEY,
PARAMOUNT HOME ENTERTAINMENT, INC.,
GENERAL NUTRITION CORPORATION, GNC
HOLDINGS, INC., NUTRA MANUFACTURING,
INC., AND MARK WAHLBERG,

                                 Defendants.

-------------------------------------------------------X

33473.doc

## DECLARATION OF RALPH BERTELLE

I, Ralph Bertelle, declare as follows:

1.      Unless otherwise stated, I make this declaration based on my own personal knowledge, and, if called upon to testify in this matter, I could and would competently do so under oath.

2.      I make this declaration in support of Defendants' Motion to Transfer Venue Under 28 U.S.C. 1404(a).

3.      I am Senior Vice President of Physical Production at Paramount Pictures Corporation ("Paramount"), which is headquartered in Los Angeles. I have held my current position with Paramount for approximately three to four years; I have been employed by Paramount for approximately nine years. My responsibilities in my current position include oversight, supervision and coordination of budgeting, preparation and shooting of motion picture projects, and I held this position and performed these responsibilities in connection with the 2013 motion picture *Pain & Gain* (hereafter, the "Film"), which is the subject of this lawsuit. I reside in Southern California.

4.      No one from Viacom, Inc. ("Viacom"), which is headquartered in New York, was directly involved in the production of the Film. This has been the customary practice with the Paramount films for which I have overseen physical production.

5.      Paramount partnered with defendant De Line Pictures, Inc. ("De Line Pictures") to produce the Film.

6.      None of the work on the Film which I oversaw was done in or from New York. Rather, pre-production for the Picture occurred in South Florida and in California, and the Film was shot in South Florida, over a period of 42 days. The Film was also prepared or "prepped" in Florida prior to shooting. The "prep" and shooting of the Film entailed rental of office space and other facilities in South Florida by Paramount.

7.      Consequently, I am aware of no potential witnesses concerning the production of the

Film who are located in New York. I am not aware of any documents pertaining to the production of the Film, including development of its script, which are located in New York. No producers or key crew members on the Film were based in New York.

8.      I was present at a Miami premiere of the Film that took place at the home of director Michael Bay ("Bay") in that city. I was also present in Bay's Miami home on several other occasions in connection with the production of the Film.

9.      In my position as Senior Vice President of Physical Production, I was responsible for coordination with and amongst a number of the principals on the Film. As such, I am familiar with the agreements pursuant to which the Film's screenwriters, Christopher Markus and Stephen McFeely, worked. Per their agreements, both reside in Los Angeles. I am also familiar with the agreement pursuant to which Mark Wahlberg worked on the Film. Per his agreement, Mr. Wahlberg resides in Los Angeles.

10.     Florida-based journalist Pete Collins was a consultant on the Film and visited the set during the Film's shooting several times. The Film also utilized South Florida-based law enforcement officers, current and retired, as consultants.

11.     Defendant Ian Bryce ("Bryce") was a producer on the Film. His responsibilities included managing the preparation, budget, and shooting schedule of the Film. This involved arranging locations, working with the cast, tracking and managing all departments involved with the Film on a daily basis, tracking all costs associated with the Film's production, and reporting to/communicating with the studio, i.e., Paramount. Bryce was not and is not a Paramount employee; rather, he performed these responsibilities pursuant to an agreement with Paramount. Per that agreement, he resides in Los Angeles. As a producer, Bryce made several trips to South Florida during the Film's production.

12.     Defendant Donald De Line occasionally travelled to Florida in connection with the Film's production. Director and defendant Michael Bay and actor and defendant Mark Wahlberg were present in South Florida for the duration of the Film's 42-day "shoot."

13.     It was clear from the earliest stages of development of the Film that it would depict

real events that took place in South Florida circa 1995 and involving Plaintiff.

14.    In my position, I was also aware of and informed about "product placement" agreements involving the Film.  I have no record of any "product placement" agreement involving General Nutrition Corporation ("GNC") or any GNC-related companies with respect to the Film itself.  No GNC products were used or shown in the Film.  GNC and its related companies had no involvement in the development and production of the Film or in the creation or development of its screenplay.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on ____/ - 9 - 15____ at _Los Angeles, CA_ [place].

_____
                    Ralph Bertelle

# CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2015, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Peter Ronai, Esq.
Holly Ostrov Ronai, Esq.
The Ronai Building
34 Adee Street
Port Chester, New York 10573
*Counsel for Plaintiff*

| DATED:  Los Angeles, California  January 13, 2015 | /s/ Vincent Cox<br>LEOPOLD, PETRICH & SMITH, P.C.<br>Louis P. Petrich (*Pro Hac Vice*)<br>Vincent Cox (*Pro Hac Vice*)<br>2049 Century Park East, Suite 3110<br>Los Angeles, CA 90067-3274<br>Telephone: (310) 277-3333;Facsimile:  (310) 277-7444<br>Email: lpetrichlpsla.com; vcox@lpsla.com<br><br>and<br><br>JENNIFER L. PARISER, ESq.<br>19 Sunset Drive<br>Chappaqua, New York 10514<br>Telephone:  914-329-7110<br>Email:  jpariser@optonline.net<br><br>Attorneys for Defendants PARAMOUNT PICTURES CORPORATION, PARAMOUNT HOME ENTERTAINMENT, INC., VIACOM, INC., DE LINE PICTURES, INC., MICHAEL BAY, DONALD DE LINE, IAN BRYCE, CHRISTOPHER MARKUS, STEPHEN McFEELEY, GENERAL NUTRITION CORPORATION, GNC HOLDINGS, INC., NUTRA MANUFACTURING, INC., and MARK WAHLBERG |
|---|---|

33473.doc