**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:15-CIV-22129- UNGARO/OTAZO-REYES**


MARC SCHILLER,

     Plaintiff,

vs.

VIACOM, INC., et al.,

     Defendants.

_____/


## DECLARATION OF KAREN MAGID IN SUPPORT OF

## MOTION FOR PROTECTIVE ORDER


I, Karen Magid, declare as follows:

1.     Unless otherwise stated, I make this declaration based on my own personal knowledge, and, if called upon to testify in this matter, I could and would competently do so under oath.

2.     I am a lawyer authorized to practice law in the State of California and the Executive Vice President, Litigation and Operations of Paramount Pictures Corporation ("Paramount"), the producer of the 2013 motion picture entitled *Pain & Gain* (hereafter, "the Film") which is the subject of this civil action.

3.     I am making this declaration in support of the motion by Michael Bay for a protective order regarding the time and place of his deposition in this action.  Mr. Bay is the film director and a producer of  the Film and he is director for and producing another Paramount film, entitled *13 Hours:  The Secret Soldiers of Benghazi* ("*13 Hours*"), which is scheduled for

1

release in theaters on January 15, 2016.

4.      To my knowledge, Mr. Bay is currently responsible for and fully engaged with the final post-production work on the *13 Hours* motion picture, working with a staff from his offices in Santa Monica, California. Once post-production on *13 Hours* is completed, he is obligated immediately to commence cross-country travel to promote the film.

5.      Plaintiff Marc Schiller has noticed Mr. Bay's deposition in this action to take place on December 7, 2015, at 10 a.m. in Fort Lauderdale, Florida. While I fully understand Mr. Bay's obligation to appear for deposition in this action, it would be extremely burdensome for both Mr. Bay personally, as well as for Paramount if he is required to be present in Florida for a full-day deposition during regular business hours on that date.

6.      Such a requirement would seriously jeopardize the very tight post-production and promotional schedule for *13 Hours*. Not only would this represent a personal inconvenience to Mr. Bay and dozens of other individuals who are currently working under his supervision to finish and promote *13 Hours* prior to its release date, but it could also have serious financial repercussions for defendant Paramount, which has committed tens of millions of dollars to the production and marketing of *13 Hours*, all contingent upon its release date being met.

7.      I understand that it is possible for Mr. Bay to be deposed via videoconferencing. If his deposition must take place in early December 2015, Mr. Bay would be able to set aside up to two (2) hours per day for up to five (5) days (for a total of 7 hours), either before or after regular business hours, so that he could be deposed at his Santa Monica offices in order to meet his obligations with respect to *13 Hours* post-production work.

8.      Finally, it would be much less burdensome for Mr. Bay and those working on post-production of *13 Hours* if he could appear for deposition in this action sometime after the release of *13 Hours*, i.e. after January 15, 2016 (but prior to January 29, 2016, the cut-off date for depositions in this action). If this request is able to be accommodated, Mr. Bay may be able to appear for a full-day deposition, during regular business hours, in Fort Lauderdale or elsewhere in the greater Miami area, after that time.

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on December 2, 2015 at Los Angeles, California.

Karen Magid

3